IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                                   Case Nos.:        4:15cr39/MW/MAF
                                                        4:18cv214/MW/MAF

JOHN ALBERT PEARSON,
     Defendant.

_____

## **REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant John Albert Pearson's

Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255

and supplement thereto.   (ECF Nos. 45, 52.)   The Government responded

in opposition (ECF Nos. 48, 54) and Pearson replied (ECF Nos. 51, 55).

The case was referred to the undersigned for the issuance of all preliminary

orders and any recommendations to the district court regarding dispositive

matters.   *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed.

R. Civ. P. 72(b).   The court recommends that the § 2255 motion be denied

without an evidentiary hearing.   *See* Rules Governing Section 2255 Cases

8(a) and (b).

## I.    BACKGROUND

On September 22, 2015, a federal grand jury charged Pearson in a three count indictment with possession with intent to distribute an indeterminate amount of cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) ("Count One"); possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) ("Count Two"), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count Three").   (ECF No. 8.)

Pearson, who was represented by the office of the Federal Public Defender, entered a guilty plea on October 30, 2015, pursuant to a written plea agreement.   (ECF Nos. 17-19.)   Pearson's arrest was the result of an investigation involving a cooperating source who had made numerous controlled purchases of crack cocaine from him.   Law enforcement executed a search warrant at Pearson's residence and found 15.8 grams of powder cocaine hidden inside a men's shoe on the top shelf of the master bedroom closet, approximately 13 grams of crack cocaine in a shoebox on the same closet shelf, and a loaded Kel Tee 9millimeter handgun under a pair of men's pants on the same shelf.   (ECF No. 18 at 2.)   Pearson was

arrested and provided *Miranda* warnings after which he admitted the drugs were his, but he denied knowledge or possession of the firearm or ammunition.   Investigators also recovered $13,000 in currency, cookware used to convert powder into crack cocaine, digital scales, a small quantity of marijuana and other drug paraphernalia from the residence.

At the plea proceeding, Pearson admitted that he possessed the weapon, and he acknowledged that he possessed it in furtherance of the drug trafficking crime, since it was near the drugs and could be used to defend the drugs or as part of their distribution.   (ECF No. 37 at 27.)

The Presentence Investigation Report ("PSR") calculated the applicable advisory guidelines range to be 262 to 327 months of imprisonment.   (ECF No. 24, PSR ¶ 91.)   Pearson's base offense level of 24 became 34 due to his status as an Armed Career Criminal and the application of the career offender enhancement.   (PSR ¶¶ 29, 35-36.) After a three-level adjustment for acceptance of responsibility, his total offense level was 31.   (PSR ¶¶ 37-39.)   Pearson's criminal history category was VI because of his 24 criminal history points, but also based on either his armed career criminal or career offender status.   (PSR ¶¶ 62-64.)   A statutory mandatory minimum of fifteen (15) years applied to Count

Case Nos.: 4:15cr39/MW/MAF; 4:18cv214/MW/MAF

Two and a minimum consecutive term of five (5) years applied to Count Three.   (PSR ¶ 89.)

Pearson filed numerous objections regarding the application of the ACCA and career offender enhancements, which were overruled.   (ECF No. 38 at 7-11, 12.)   The court overruled the objections, but sentenced Pearson below the applicable guidelines range to a term of 240 months' imprisonment.   The departure was based in part on the court's observation that Pearson's criminal history was less serious than that of many defendants who are subject to the Armed Career Criminal Act.   (ECF Nos. 28-29, 38.)

Pearson appealed, reiterating the objections raised at sentencing to his classification as a career offender and armed career criminal based on his prior Florida drug convictions.   (ECF No. 42.)   He asserted, contrary to binding Eleventh Circuit precedent,[1] that the definitions of "serious drug offense" in the Armed Career Criminal Act ("ACCA") and "controlled substance offense" in § 4B1.2(b) were never intended to include state drug convictions such as those pursuant to § 893.13, Florida Statutes, which

---

[1] *United States v. Travis Smith,* 775 F. 3d 1262 (11th Cir. 2014).

Case Nos.: 4:15cr39/MW/MAF; 4:18cv214/MW/MAF

lacked a mens rea element regarding the illicit nature of the substance. Alternatively, he argued that the Sentencing Commission exceeded its statutory authority in defining the term "controlled substance offense" to include state crimes that lack a mens rea element because the analogous federal crimes do contain a mens rea element.   The appellate court rejected his arguments and affirmed his sentences.   (ECF No. 42.)   The Supreme Court denied Pearson's petition for a writ of certiorari on May 2, 2017 (ECF No. 43), and he timely filed the instant motion to vacate in April of 2018.

## II.    ANALYSIS

### A. Legal Standards

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing."   *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014).   Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to section 2255 are extremely limited.   A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to

collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States,* 365 F.3d 1225, 1234 (11th Cir. 2004).

Ineffective assistance of counsel claims generally are not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016). To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000). *Strickland*'s two-part test also applies to guilty pleas. *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would

have instead insisted on proceeding to trial.    *Id.* at 163 (quoting *Hill*, 474

U.S. at 59).    In applying *Strickland*, the court may dispose of an ineffective

assistance claim if a defendant fails to carry his burden on either of the two

prongs.    *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d

1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th

Cir. 2000) ("[T]he court need not address the performance prong if the

defendant cannot meet the prejudice prong, or vice versa.").

Counsel is not constitutionally deficient for failing to preserve or argue

a meritless claim.    *Hollis v. United States,* 958 F. 3d 1120, 1124 (11th Cir.

2020) (counsel not constitutionally ineffective for failing to raise meritless

objection to use of prior drug convictions as predicate offenses under

ACCA); *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015)

(citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th

Cir. 2008)).    This is true regardless of whether the issue is a trial or

sentencing issue.    *See, e.g.*, *Sneed v. Florida Dep't of Corrections*, 496 F.

App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not

ineffective assistance of counsel);    *Lattimore v. United States*, 345 F.

App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a

meritless objection to an obstruction enhancement); *Brownlee v. Haley*,

306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit).

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."   *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015).   Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.   *Gordon v. United States,* 518 F.3d 1291, 1301 (11th Cir. 2008) (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). Disputes involving purely legal issues, such as those in this case, can be resolved by the court without a hearing.

B. Pearson's Claims

   1.   Vagueness of the "In furtherance" Prong of § 924(c)(1)(A)

Title 18 U.S.C. § 924(c)(1)(A) provides penalties for a person who (1) uses or carries a firearm during and in relation to any crime of violence or drug trafficking crime, or (2) possesses a firearm in furtherance of such a crime.   The sentence to be imposed for a violation of this provision runs consecutively to the sentence on the underlying crime.   Pearson's first claim for relief is that counsel was constitutionally ineffective because he did not challenge § 924(c)(1)(A)'s "in furtherance of" prong as void for

vagueness.   Therefore, he contends, his conviction and sentence on Count Three should be vacated.

A law that is "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement" does not comport with the Fifth Amendment.   *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015).   "Void for vagueness means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed." *United States v. Duran*, 596 F. 3d 1283, 1290 (11th Cir. 2010) (quoting *United States v. Nat'l Dairy Prods. Corp.,* 372 U.S. 29, 32-33 (1963)). However, "statutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language."   *Id.* (*quoting Nat'l Dairy Prods. Corp.,* 372 U.S. at 32).   The first step in analyzing a vagueness claim is to consider the language of the statute.   *Id.* at 1291 (*citing United States v. Hunt*, 526 F. 3d 739, 743 (11th Cir. 2008)).   If the language of the statute alone sets forth "plainly perceived boundaries," the inquiry ends.   *Id.*

To secure Pearson's conviction under § 924(c)(1)(A) in this case the Government had to prove he (1) committed a federal drug trafficking crime

and (2) knowingly possessed a firearm (3) in furtherance of that crime.

*See United States v. Cedeno*, 356 F. App'x 321, 323 (11th Cir. 2009) (*citing*

*United States v. Brantley*, 68 F. 3d 1283, 1289 (11th Cir. 1995)).   More

than mere possession is required.   The phrase "in furtherance of" is not

defined in the statute and should therefore be given its plain meaning.

*United States v. Timmons*, 283 F. 3d 1246, 1252 (11th Cir. 2002) (citing

*Muscarello v. United States*, 524 U.S. 125, 127-28 (1998)); *see also United*

*States v. Ceballos-Torres*, 218 F. 3d 409, 415 (5th Cir. 2000) and *United*

*States v. Mackey*, 265 F. 3d 457, 461 (6th Cir. 2001).   The dictionary

definition of "furtherance" is "helping forward;" thus, to secure a conviction

under this portion of the statute the prosecution must establish that "the

firearm helped, furthered, promoted or advanced the drug trafficking."

*Timmons*, 283 F. 3d at 1252.   This requires a showing of a nexus between

the firearm and the drug selling operation, which is a fact-sensitive

determination.   The nexus can be established by many means including

"the type of drug activity that is being conducted, accessibility of the

firearm, the type of the weapon, whether the weapon is stolen, the status of

the possession (legitimate or illegal), whether the gun is loaded, proximity

to the drugs or drug profits, and the time and circumstances under which

the gun is found." *Id.* at 1253 *(quoting Ceballos-Torres*, 218 F. 3d at 414-

15; *Mackey*, 265 F. 3d at 462). This non-exhaustive list of factors will

distinguish possession "in furtherance of" a crime from innocent possession

of, for example, "a wall-mounted antique or an unloaded hunting rifle locked

in a cupboard." *Id.* at 1253 (*quoting Ceballos-Torres*, 218 F. 3d at 414-

415).

Section § 924(c), as interpreted by prevailing case law, is "clear and

unambiguous" and it "plainly and concretely identifies the conduct which

constitutes its violation," giving "notice of what is prohibited" and making the

statute "readily understandable to a person of ordinary intelligence."

*Duran,* 596 F.3d at 1291; *see also United States v. Panfil*, 338 F. 3d 1299,

1302 (11th Cir. 2003) (rejecting a vagueness challenge to 18 U.S.C.

§ 2422(b) because the challenged terms "have plain and ordinary

meanings.") The fact that § 924(c) also contains a scienter requirement

discourages 'unscrupulous enforcement' and clarifies the statute. *United*

*States v. Panfil*, 338 F. 3d 1299, 1301 (11th Cir. 2003) (analyzing 18 U.S.C.

§ 2422 for vagueness); *United States v. Nelson*, 712 F. 3d 498, 510 (11th

Cir. 2013) ("any potential vagueness . . . is mitigated by [the statute's]

scienter requirements"). Other circuits have also rejected vagueness

challenges.   *See United States v. Eller*, 670 F. 3d 762, 765 (7th Cir. 2012)
(rejecting a vagueness challenge to § 924(c) on the ground that its use of
"in furtherance of" is "clear and intelligible"); *United States v. Hungerford*,
465 F. 3d 1113, 1118 (9th Cir. 2006) (rejecting a vagueness challenge to
§ 924(c) on the ground that its "terms are readily understandable" and a
"plain reading of the statute reveals no ambiguity"); *United States v. Helton*,
86 F. App'x 889, 891 (6th Cir. 2004) ("As our [precedent] makes apparent,
18 U.S.C. § 924(c)'s use of 'in furtherance of' is neither unconstitutionally
vague nor overbroad.")

In this case, the loaded firearm was found in Pearson's closet next
to drugs that he admitted were his.   (ECF No. 18 at 2.)   In response to the
court's question at his rearraignment, Pearson admitted that he knowingly
possessed the gun and that it "could be used to defend those drugs or as
part of the distribution of the drugs."   (ECF No. 37 at 32-33.)   This
admission was sufficient to sustain Pearson's guilty plea for possession of
the firearm "in furtherance of" his drug trafficking activities.   An individual
"to whose conduct a statute clearly applies may not successfully challenge
it . . . for vagueness."   *United States v. Woods*, 684 F. 3d 1045, 1059 (11th
Cir. 2012) (*quoting Bama Tomato Co. v. U.S. Dep't of Agric.*, 112 F. 3d

1542, 1547 (11th Cir. 1997)).   Pearson appears to suggest that because

the court has to make a factual finding to sustain a conviction, the provision

is constitutionally infirm.   The mere fact that the finder of fact must

consider the underlying facts to determine whether a given statute applies

to particular conduct does not render the statute vague.   Pearson's

attorney was not constitutionally ineffective for failing to raise a meritless

claim, and no relief is warranted.   *Brownlee*, 306 F. 3d at 1066.

### 1a. Nexus to Interstate commerce

Nestled within Pearson's argument concerning the alleged

vagueness of the "in furtherance clause" of 924(c) is an argument that

appears directed towards his § 922(g) conviction in Count Two.   He

contends counsel should have objected to the Government's alleged failure

to demonstrate that his purely intrastate possession of a firearm had a

substantial effect on interstate commerce.   (ECF No. 45-1 at 13-15.)

Section 922(g)(1) is constitutional as long as the weapon has some

"minimal nexus to interstate commerce." *United States v. Bishop*, 733 F.

App'x 463, 465 (11th Cir. 2018) (quoting *United States v. Dupree*, 258 F.

3d 1258, 1259-60 (11th Cir. 2001); *United States v. Scott*, 263 F. 3d 1270,

1273-74 (11th Cir. 2001)); *United States v. Owens*, 808 F. App'x 917, 921

(11th Cir. 2020); *United States v. McAllister*, 77 F.3d 387, 390 (11thCir. 1996).   There is no requirement for an individualized showing of a "substantial" effect on interstate commerce.   *United States v. Walker*, 793 F. App'x 865, 869 (11th Cir. 2019) (citing *McAllister*, 77 F. 3d at 390); *United States v. Ross*, 807 F. App'x 984, 988 (11th Cir. 2020) (citing *United States v. Wright*, 607 F.3d 708, 716 (11th Cir. 2010)).   "A firearm possessed solely intrastate has necessarily traveled in interstate commerce and satisfies the minimal nexus requirement once the government establishes that a firearm was manufactured outside of the state in which the possession took place."   *Bishop,* 733 F. App'x at 465 (*citing Wright*, 607 F.3d at 716).   Pearson's suggestion that *United States v. Lopez*, 514 U.S. 549 (1995) requires a showing of a substantial effect on interstate commerce, or that the Supreme Court's decision in *Taylor v. United States*, 136 S. Ct. 2074 (2016) undermined the minimal nexus standard to the point of abrogation is without merit.   *See Walker,* 793 F. App'x at 869; *see also United States v. Bron*, 709 F. App'x 551, 553-54 (11th Cir. 2017) (observing that "no intervening Supreme Court decision has overruled or abrogated the holding of *McAllister*.").   Counsel was not constitutionally ineffective for failing to make this argument.   *Brownlee, supra.*

To the extent Pearson's commerce clause challenge is to his § 924(c) conviction, it is also without merit.    In such event, the underlying drug trafficking crime upon which the conviction is based alone provides a sufficient interstate nexus.    *See United States v. Jackson*, 111 F. 3d 101, 102 (11th Cir. 1997) ("The illegal possession and sale of drugs affects interstate commerce, and Congress accordingly has authority under the Commerce Clause to criminalize and punish drug-related activity."); *United States v. Brown*, 72 F. 3d 96, 97 (8th Cir. 1995) ("Because Brown's section 924(c)(1) conviction is based on his secton 841(a)(1) drug trafficking offense, which involved 'an activity that substantially affect[ed] interstate commerce,' we reject Brown's *Lopez* challenge.")    No relief is warranted.

2. Vagueness of ACCA definition of "Serious Drug Offense"

Pearson claims that counsel was constitutionally ineffective for failing to challenge the ACCA's definition of "serious drug offense" as void for vagueness, because of its use of the term "involving."    He further claims that his prior state drug convictions do not qualify as ACCA predicates. Therefore, he concludes he should not have received an enhanced sentence on Count Two.

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), provides for enhanced penalties for an individual who is convicted of a violation of § 922(g) and who has three previous convictions for a violent felony or a serious drug offense.   Section 924(e) defines a "serious drug offense" as "an offense under State law, *involving* manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance ... for which a maximum term of imprisonment of ten years or more is prescribed by law."   18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added).

The Government concedes that the statute's use of the term "involving" broadens the definition of "serious drug offense."   *See United States v. White*, 837 F. 3d 1225, 1235 (11th Cir. 2016) (noting that the use of the term "involving" in 924(e)'s definition of "serious drug offense" makes it broader than the guidelines' definition of "controlled substance offense.") However, this does not render the statute constitutionally infirm.   Florida convictions for possession of cocaine with intent to sell or deliver in violation of § 893.13(1)(a)(1), Florida Statutes, qualify as serious drug offenses under the ACCA.   *See, e.g., United States v. Smith*, 775 F. 3d 1262, 1266-68 (11th Cir. 2014).   The ACCA provides "a person of ordinary

intelligence fair notice" that the enhanced penalties will apply.   *See United States v. Williams*, 553 U.S. 285, 304 (2008).

Furthermore, any alleged ambiguity due to the use of the term "involving" does not render the statute vague as applied to Pearson because his convictions fall squarely within the scope of the statute. *Williams*, 553 U.S. at 304 (an individual "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.")   Counsel was not constitutionally ineffective for failing to pursue this meritless claim.   *Brownlee, supra.*

3. Pearson's knowledge of prohibited status (*Rehaif* claim)

In October of 2019, Pearson moved to supplement his § 2255 motion to add a claim pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (ECF No. 52.)   The Supreme Court held in *Rehaif* that the federal statute proscribing possession of a firearm by certain categories of persons requires the Government to prove not only that the individual knew he possessed a firearm, but also that he knew of his status as a proscribed person when he possessed the firearm, in Pearson's case, a convicted felon.   *Rehaif,* 139 S. Ct. 2191.   Pearson asserts that his conviction and

sentence on Count Two[2] must be vacated because the conduct charged by the grand jury in this case was "incomplete" in that it did not expressly charge he knew he was a convicted felon.   Instead, the indictment alleged only that Pearson, "having been previously convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm and ammunition in and affecting interstate commerce."   (ECF No. 8 at 1.)   He also asserts that *Rehaif* is retroactive on collateral review.

With respect to retroactivity, *Rehaif* did not announce a new rule of constitutional law, but rather clarified the requirements for prosecution pursuant to 18 U.S.C. 922(g).   *See In re Palacios*, 931 F. 3d 1314, 1315 (11th Cir. 2019) (denying request for leave to file second or successive motion based on *Rehaif*); *In re Price*, 964 F. 3d 1045, 1049 (11th Cir. 2020) (holding that "*Rehaif* did not announce a new rule of constitutional law"); *In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019) (holding that "*Rehaif v United States* did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. §§ 922(g) and 924(a)(2)).

---

[2] Pearson also claims in his supplement that his guilty plea and conviction on Count Three, for possession of a firearm in furtherance of a drug trafficking crime, should be vacated.   (ECF No. 52 at 6.)   *Rehaif*, however, has no bearing upon this conviction.

Case Nos.: 4:15cr39/MW/MAF; 4:18cv214/MW/MAF

Even if *Rehaif* had announced a new rule of constitutional law, the new rule was not made retroactive to cases on collateral review.   *In re Price*, 964 F. 3d at 1049 (citing *Palacios*, 931 F. 3d at 1315); *see also In re Wright*, 942 F. 3d at 1065 (same).   The Eleventh Circuit has not expressly determined whether *Rehaif* applies retroactively to litigants pursuing § 2255 relief for the first time.   *See North v. United States*, No. 1:16-CR-00309-SDG, 2020 WL 2873626 (N.D. Ga. May 14, 2020) (appeal filed Jul. 13, 2020, Case 20-12591).   Assuming that it would so apply, Pearson still is not entitled to relief.

First, Pearson's assertion in his reply that his *Rehaif* claim raises a jurisdictional error is without merit.   "[A]n indictment's failure to allege the knowledge-of-status element or to cite to section 924(a)(2)" is a non-jurisdictional defect that is waived by the entry of an unconditional guilty plea.   *United States v. Hutchinson*, Case No. 19-11869, 2020 WL 2843463, at *1 (11th Cir. Jun. 1, 2020) (citing *United States v. Moore*, 954 F. 3d 1322, 1336-37 (11th Cir. 2020); *United States v. Brown*, 752 F. 3d 1344, 1347 (11th Cir. 2014)).

Second, any claim of error is procedurally barred.   Defendants generally are barred from presenting a claim in a § 2255 motion that could

have been raised in a challenge to their criminal convictions or sentences

on direct appeal.   *Lynn v. United States*, 365 F. 3d 1225, 1234 (11th Cir.

2004).   Pearson could overcome this procedural bar by demonstrating

cause for not raising the ground on direct appeal and actual prejudice

resulting from this error, or, alternatively, that he is actually innocent.   *Id.* at

1234; *Bousley v. United States*, 523 U.S. 614, 622 (1998).   Here, Pearson

can establish neither prejudice nor actual innocence.

   In reviewing *Rehaif* claims on direct appeal, the Eleventh Circuit

considers the totality of the circumstances to determine whether the

defendant's substantial rights or the fairness of the judicial proceedings

were affected.   *See United States v. McLellan*, 958 F. 3d 1110, 1119 (11th

Cir. 2020) (noting that it was "inconceivable" that defendant did not know

he was a felon when he possessed the firearm); *United States v. Reed*,

941 F. 3d. 1018 1022 (11th Cir. 2019) (holding that where the record

clearly demonstrates that it would be implausible for the defendant to not

have been aware of his felony status, a *Rehaif* error does not affect his

substantial rights).

   The Statement of Facts in support of the plea agreement identifies

Pearson as a "multi-convicted felon in Florida," listing seven Florida felony

Case Nos.: 4:15cr39/MW/MAF; 4:18cv214/MW/MAF

convictions and one from the state of Louisiana. (ECF No. 18 at 3.)

Pearson's Presentence Investigation Report ("PSR") reflects that he served

relatively short sentences on many of these convictions.    (ECF No. 24.)

However, in 2003 he was sentenced to state prison for two years and six

months on two separate convictions for possession of cocaine and

possession of cocaine with intent to sell or deliver (PSR ¶¶ 53, 55); in 2008

he was sentenced to eighteen months in prison for battery on a law

enforcement officer (PSR ¶ 57); and in 2013, he was sentenced to two

years in Louisiana state prison, although a "first offender pardon" was

issued in May of 2015 (PSR ¶ 61).    With the litany of convictions and three

prison terms of eighteen months or longer, Pearson could not credibly

argue that he did not know he was a convicted felon.    He also has not

suggested that he would not have entered a guilty plea had he known

about the knowledge requirement.    Having established neither actual

innocence nor prejudice, Pearson is not entitled to relief on his

supplemental claim.

## III.    CONCLUSION

An evidentiary hearing is not necessary to resolve Pearson's claims

because "the motion and files and records conclusively show that the

prisoner is entitled to no relief."   *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d

at 877.   For the foregoing reasons, the court finds that Pearson has not

shown that any of the claims raised in his motion to vacate, set aside, or

correct sentence pursuant to 28 U.S.C. § 2255 have merit.   Therefore, his

motion, as supplemented, should be denied in its entirety.

## IV.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings

provides that "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant," and if a

certificate is issued "the court must state the specific issue or issues that

satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of

appeal must still be filed, even if the court issues a certificate of

appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of

the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529

U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation

omitted).   Therefore, it is also recommended that the court deny a

certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.    The Motion to Vacate, Set Aside, or Correct Sentence, as supplemented (ECF Nos. 45, 52) be **DENIED**.

2.    A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 13th day of August, 2020.


s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.   Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.   An objecting party must serve a copy of its objections on all other parties.   A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.: 4:15cr39/MW/MAF; 4:18cv214/MW/MAF